O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CLAUDETTE SMITH, | ) | NO. ED CV 06-1067-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 2, 2006, seeking review
of the Commissioner's denial of benefits.  The parties filed a consent
to proceed before a United States Magistrate Judge on October 25,
2006.

1    Plaintiff filed a motion for summary judgment on March 14,

2 2007.  Defendant filed a cross-motion for summary judgment on

3 April 13, 2007.  The Court has taken the motions under submission

4 without oral argument.  See L.R. 7-15; "Order," filed October 4, 2006.

5

6                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8    Plaintiff asserts disability based on, inter alia, alleged

9 mental problems and alleged problems using her right hand

10 (Administrative Record ("A.R.") 576-90).  Plaintiff testified to

11 mental and exertional limitations of allegedly disabling severity.

12 Id.  Plaintiff's daughter, who lives with Plaintiff, submitted

13 potentially corroborating written statements in which the daughter

14 asserted Plaintiff cannot use her right hand and has profound

15 memory/mental problems (A.R. 287-95).

16

17    The Administrative Law Judge ("ALJ") found Plaintiff has severe

18 impairments that prevent the performance of Plaintiff's past relevant

19 work (A.R. 431-40).  The ALJ also found, however, that Plaintiff

20 retains the residual functional capacity to perform other work,

21 including assembly and hand packaging work (A.R. 432-42).  In reaching

22 the conclusion Plaintiff is not disabled, the ALJ expressly found

23 Plaintiff's contrary testimony not credible, but failed to mention the

24 daughter's potentially corroborative statements (A.R. 426-42).

25

26                        **STANDARD OF REVIEW**

27

28    Under 42 U.S.C. section 405(g), this Court reviews the

1  Commissioner's decision to determine if: (1) the Commissioner's

2  findings are supported by substantial evidence; and (2) the

3  Commissioner used proper legal standards.   <u>See</u> <u>Swanson v. Secretary</u>,

4  763 F.2d 1061, 1064 (9th Cir. 1985).

5

6                              **DISCUSSION**

7

8       In evaluating the credibility of a claimant's assertions of

9  functional limitations, the ALJ must consider lay witnesses' reported

10 observations of the claimant.   <u>See</u> <u>Regennitter v. Commissioner</u>, 166

11 F.3d 1294, 1298 (9th Cir. 1999).   "[F]amily members in a position to

12 observe a claimant's symptoms and daily activities are competent to

13 testify as to [the claimant's] condition."   <u>Dodrill v. Shalala</u>, 12

14 F.3d 915, 918-19 (9th Cir. 1993); 20 CFR § 404.1513(e)(2)

15 ("[o]bservations by non-medical sources" "may also help us to

16 understand how your impairment affects your ability to work").

17

18      "[T]he ALJ can reject the testimony of lay witnesses only if he

19 [or she] gives reasons germane to each witness whose testimony he [or

20 she] rejects."   <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996).

21 A conflict with the medical evidence, for example, can be a "germane

22 reason" to reject the testimony of a lay witness.   <u>See</u> <u>Lewis v. Apfel</u>,

23 236 F.3d 503 (9th Cir. 2001).   The mere fact that a witness is a

24 family member, however, is not a sufficient reason to reject the

25 witness' testimony.   <u>See</u> <u>Smolen</u>, 80 F.3d at 1289; <u>Regennitter</u>, 166

26 F.3d at 1298.

27 ///

28 ///

1    In attempting to avoid the conclusion that the ALJ's failure to
2  mention the daughter's statements constituted error, Defendant argues
3  that the daughter did not make "any statement about Plaintiff's
4  functional limitations" (Defendant's Motion at 7).  This argument is
5  frivolous.  The daughter's statements regarding Plaintiff's alleged
6  inability to use her right hand plainly are "statement[s] about
7  Plaintiff's functional limitations."

8

9    Defendant also argues there exist other reasons, unspecified by
10  the ALJ, that could justify the rejection of the daughter's statements
11  (Defendant's Motion at 7).  The Ninth Circuit has ruled that such
12  arguments, however potentially persuasive, are not cognizable by the
13  Court.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)
14  (district court cannot affirm on the basis of evidence the ALJ failed
15  to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)
16  (court "cannot affirm the decision of an agency on a ground that the
17  agency did not invoke in making its decision").

18

19    Thus, the ALJ erred by failing to mention the daughter's
20  statements.  Where, as here, an ALJ fails properly to consider
21  competent lay evidence favorable to a claimant, the district court
22  cannot deem the error harmless unless no reasonable ALJ, when fully
23  crediting the lay evidence, could have reached a different disability
24  determination.  See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th
25  Cir. 2006).  This Court is unable to conclude that no reasonable ALJ,
26  fully crediting the statements of Plaintiff's daughter, could have
27  reached a different disability determination regarding Plaintiff.
28  ///

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  May 8, 2007.


_____/S/_____
           CHARLES F. EICK
     UNITED STATES MAGISTRATE JUDGE

---

[1]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's suggestion of reversal rather than remand is unpersuasive.  The Court is mindful of the prior remands and the protracted nature of these proceedings. However, in light of evidence that Plaintiff performed substantial gainful activity during part of her claimed period of disability, and given other apparent inconsistencies in Plaintiff's statements, reversal with a directive for the payment of benefits would be inappropriate at this time.